UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-cv-20370-KMM

CHAROD LIZZMORE, GABRIEL
MATOS, KELLY MUNROE, and
WINTON FORDE, on their own behalf
and on behalf of others similarly situated,

    Plaintiffs

vs.

FONTAINEBLEAU FLORIDA HOTEL, LLC,

    Defendant.
_____/

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

Defendant, Fontainebleau Florida Hotel, LLC files its Answer and Affirmative Defenses (the "Answer") to the Collective Action Complaint (the "Complaint") filed by Plaintiffs, Charod Lizzmore, Gabriel Matos, Kelly Munroe, and Winton Forde.  All allegations in the Complaint which are not specifically admitted herein are denied.

## ANSWER

1.    Defendant admits that Plaintiffs were employees of Fontainebleau and that Plaintiffs purport to bring an action for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act ("FLSA").  However, Defendant denies that Plaintiffs have properly brought this action, that Defendant has engaged in any unlawful actions or otherwise violated any state or federal law, or that Plaintiffs or any other employee or former employee of Defendant is entitled to any relief whatsoever.

2. Defendant admits that Plaintiffs were restaurant bussers/food runners paid on an hourly plus commission basis for Defendant in Miami-Dade County, Florida, within the jurisdiction of this Court.

3. Defendant admits that it is a resort hotel located on Miami Beach, Florida, and that venue is proper in the Southern District of Florida, Miami Division. Defendant denies the remaining allegations in paragraph 3 of the complaint.

4. Fontainebleau admits that Plaintiff Lizzmore was hired by Fontainebleau on November 30, 2009 and worked at its Gotham restaurant as a busser/food runner from on or about December 3, 2009 through the present. Defendant denies the remaining allegations in paragraph 4 of the complaint.

5. Fontainebleau admits that Plaintiff Matos was hired by Fontainebleau on February 3, 2009 and worked at its Gotham restaurant as a busser/food runner from on or about February 18, 2009 through December 4, 2010. Fontainebleau further admits that Plaintiff Matos is still employed by Fontainebleau. Defendant denies the remaining allegations in paragraph 5 of the complaint.

6. Fontainebleau admits that Plaintiff Munroe was hired by Fontainebleau on November 3, 2008 and worked at its Gotham restaurant as a busser/food runner from on or about November 6, 2008 through November 18, 2010. Defendant denies the remaining allegations in paragraph 6 of the complaint.

7. Fontainebleau admits that Plaintiff Forde was hired by Fontainebleau on April 20, 2009 and worked at its Gotham restaurant as a busser/food runner from on or about April 26, 2009 through the present.

8. Defendant admits that Plaintiffs occasionally worked more than 40 hours in a given workweek. Defendant denies the remaining allegations in paragraph 20 of the complaint.

9. Defendant admits that Plaintiffs were paid on an hourly plus commission basis. Defendant denies the remaining allegations in paragraph 22 of the complaint.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Admitted.

17. Admitted.

18. Admitted.

19. Defendant admits that Plaintiffs were employees of Fontainebleau and that Plaintiffs purport to bring an action for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and other relief under the Fair Labor Standards Act ("FLSA"). However, Defendant denies that Plaintiffs have properly brought this action, that Defendant has engaged in any unlawful actions or otherwise violated any state or federal law, or that Plaintiffs or any other employee or former employee of Defendant is entitled to any relief whatsoever.

20. Admitted.

21. Admitted.

22. Defendant admits the allegations in paragraph 22 of the complaint, but denies that Plaintiffs have properly brought this action, that Defendant has engaged in any unlawful actions

or otherwise violated any state or federal law, or that Plaintiffs or any other employee or former employee of Defendant is entitled to any relief whatsoever.

23. Denied.

24. Defendant admits that Plaintiffs intend this action to include non-exempt employees who have worked in excess of forty (40) hours during one or more workweek on or after January 2008, and did not receive time and one-half of their regular rate of pay for al of the hours they worked over forty (40) in one or more work weeks, but denies that Plaintiffs have properly brought this action, that Defendant has engaged in any unlawful actions or otherwise violated any state or federal law, or that Plaintiffs or any other employee or former employee of Defendant is entitled to any relief whatsoever.

25. Defendant is without knowledge of the allegations in paragraph 25 of the complaint and, therefore, denies same.

26. Defendant re-alleges and incorporate herein by reference, its responses to paragraphs 1-25 of the Complaint.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Plaintiffs' demand for a jury trial does not require a response from Defendant, but to the extent a response is required, denied.

Defendant further denies that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" clause following paragraph 33 of the Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation not expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred in whole or in part by exemptions, exclusions, and credits provided in Section 7 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 207.

3. Every portion of Plaintiff's claim arising more than two years prior to the date upon which his Complaint was filed is barred by the limitations period contained in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255.

4. Plaintiffs' claim for liquidated damages is barred by the provisions of Section 11 of the Portal-to-Portal Act, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

5. Plaintiffs have been paid in full relative to their alleged employment.

6. Plaintiffs' claims are barred by the provision of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or an administrative practice or enforcement policy of such agency with respect to the class of employees to which Plaintiffs belonged..

7. Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

8. Plaintiffs' FLSA claims are barred to the extent that they worked any unreported hours and did so in violation of company policy and/or concealed the facts from Defendant.

9. Plaintiffs' claims against Defendant are frivolous both in factual foundation and legal substance, and Defendant is entitled to an award of its costs and attorneys fees pursuant to 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure.

10. Defendant reserves the right to move the Court to allow it to assert additional defenses which may become apparent through discovery.

WHEREFORE, Defendant assert that Plaintiffs should take nothing in this action, and that Defendant should recover its costs and reasonable attorneys' fees in this matter, together with such other relief as the Court deems just and proper.

Date: March 15, 2011

| | |
|---|---|
| FISHER & PHILLIPS LLP<br>450 East Las Olas Boulevard<br>Suite 800<br>Fort Lauderdale, Florida  33301<br>Telephone:  (954) 525-4800<br>Facsimile:   (954) 525-8739 | By:    /s/ David A. Buchsbaum<br>David A. Buchsbaum<br>(Fla. Bar No. 0117961)<br>dbuchsbaum@laborlawyers.com<br>Abigail H. Kofman<br>(Fla. Bar No. 0017865)<br>akofman@laborlawyers.com<br><br>*Attorneys for Defendant* |

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing **DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COLLECTIVE ACTION COMPLAINT** was served by CM/ECF on March 15, 2011, on all counsel or parties of record on the attached service list.

    /s/ David A. Buchsbaum
David A. Buchsbaum
Fla. Bar No. 0117961
dbuchsbaum@laborlawyers.com
FISHER & PHILLIPS LLP
450 E. Las Olas Blvd., Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile: (954) 525-8739

*Attorneys for Defendants*

**SERVICE LIST**
**CASE NO.: 11-cv-20370-KMM**

| | |
|---|---|
| Andrew I. Glenn<br>Florida Bar No.: 577261<br>Andrew@floridaovertimeattorneys.com<br>J. Dennis Card, Jr.<br>Florida Bar No. 0487473<br>Dennis@floridaovertimeattorneys.com<br>Card & Glenn, P.A.<br>2501 Hollywood Boulevard, Suite 100<br>Hollywood, Florida 33020<br>Telephone: (954) 921-9994<br>Facsimile: (954) 921-9553<br><br>*Attorneys for Plaintiffs* | David A. Buchsbaum<br>Fla. Bar No. 0117961<br>dbuchsbaum@laborlawyers.com<br>Abigail H. Kofman<br>(Fla. Bar No. 0017865)<br>akofman@laborlawyers.com<br>FISHER & PHILLIPS LLP<br>450 East Las Olas Boulevard<br>Suite 800<br>Ft. Lauderdale, Florida 33301<br>Telephone: (954) 525-4800<br>Facsimile: (954) 525-8739<br><br>*Attorney for Defendant* |